UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
                                              :

(888) JUSTICE, INC.,                          :

                 Plaintiff,                 :

                -against-                :    <u>MEMORANDUM DECISION & ORDER</u>

JUST ENTERPRISES, INC.,           :    06 CV 6410 (GBD)
MARTIN & ASSOCIATES, L.L.C.,      :
DEREK P. MARTIN,                   :
COBB & COLE, P.A. and            :
HEATHER BOND VARGAS,           :

                 Defendants.           :
------------------------------------ x

GEORGE B. DANIELS, District Judge:

       Plaintiff (888) JUSTICE, Inc. filed this action stating claims of unfair competition, tortious interference, and libel.[1] Defendant Just Enterprises, Inc., ("Just Enterprises") along with Derek Martin and Martin & Associates, L.L.C. (the "Martin defendants") moved to dismiss the action for improper venue, to dismiss the action against the Martin defendants for the lack of personal jurisdiction, or in the alternative, to transfer the case to the Western District of Missouri, pursuant to 28 U.S.C. § 1404(a). The Martin defendants also moved for sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 against plaintiff's president and counsel, Jon L. Norinsberg. For the reasons set forth below, the case is dismiss for lack of personal jurisdiction

---

[1] Specifically, plaintiff raises the following claims against defendants in its Second Amended Complaint:
    (1) false misrepresentation of trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a),
    (2) tortious interference with contract in violation of New York common law,
    (3) tortious interference with business relationships in violation of New York common law,
    (4) unfair competition in violation of New York common law and
    (5) libel in violation of New York common law.

and venue.  The motion for sanctions is denied.

## FACTUAL BACKGROUND

Plaintiff (888) Justice, Inc., a New York corporation, operates a legal service referral business that licenses listings in its cooperative advertising program to lawyers nationwide.  The cooperative program features (888)-JUSTICE as its telephone number and in its website domain name.   Plaintiff owns federal trademark registrations for the service marks (212) JUSTICE®, (718) JUSTICE®, "DON'T GET MAD...GET JUSTICE®," and THE JUSTICE HOTLINE®, but does not have a registration for (888) JUSTICE.

Defendant Just Enterprises, Inc., a Missouri corporation, markets its own attorney referral business with the telephone number 1-800-JUSTICE.  Just Enterprises also owns the 1-800-JUSTICE®, a registered service trademark.  This mark was registered after the registration of Plaintiff's (212) JUSTICE® service mark.[2] (See Compl. ¶ 19).  In October of 2001, Mr. Norinsberg, the president of Plaintiff, contacted Tina Dobrauc, the secretary of defendant Just Enterprises, and asked about acquiring the use of the 1-800-JUSTICE® mark.  (See Declaration of Derek P. Martin in Support of Moving Defendants' Motion for Sanctions ("Martin Decl.") ¶ 11 and Letter from Norinsberg to Dobrauc, attached as Exh. B to Martin Decl.).  Mr. Norinsberg was rebuffed in his inquiry.  (Martin Decl. ¶ 12).

In May 2005, Just Enterprises contacted Plaintiff and asserted that Plaintiff's (212) JUSTICE  and (888) JUSTICE telephone numbers both infringed upon its 1-800-JUSTICE® service mark. (Compl. ¶ 20).  On June 20, 2005, Plaintiff filed a petition to cancel the U.S.

---

[2]The 1-800-JUSTICE service mark, Reg. No. 2,742,137, was registered on July 29, 2003 with a first use date of March 17, 2003.  (See U.S. Patent and Trademark Office registration certificate, attached as Exh. A to Declaration of Derek P. Martin in Support of Moving Defendants' Motion for Sanctions).

Trademark registration for the 1-800-JUSTICE®.  (Compl. ¶ 21). Just Enterprises responded in kind with a petition to cancel Plaintiff's U.S. Trademark registration for the (212) JUSTICE® mark on July 31, 2005.  (Compl. ¶ 22).

On March 15, 2006, Just Enterprises filed suit against Plaintiff in the U.S. District Court for the Western District of Missouri asserting claims of service trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 et seq. (See Just Enterprises, Inc. v. (888) Justice Inc., No. 3:06CV5023-CV-S-JCE (W.D.Mo. Mar. 15, 2006) (the "Missouri Action"); Martin Decl. ¶ 14; See also Compl. in the Missouri Action attached as Exh. C to Martin Decl.).  In that action, Just Enterprises contends that the (888) JUSTICE telephone number is confusingly similar to the 1-800-JUSTICE® service mark. Plaintiff, as defendant in that case, moved to dismiss the action for lack of personal jurisdiction and improper venue or to stay the action pending the petitions to cancel the trademark registration before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office ("TTAB").  After granting jurisdictional discovery, the district court denied the motion to dismiss or to stay the case, and found venue to be proper in the Western District of Missouri.  Plaintiff then counterclaimed in the Missouri Action to cancel the 1-800-JUSTICE registration.  The TTAB has stayed the consolidated trademark cancellation proceedings Plaintiff and Just Enterprises have filed against each other, pending the resolution of the Missouri Action.

Five months after the Missouri Action began, Plaintiff filed suit in this district on August 23, 2006.  The original complaint named only defendant Just Enterprises and presented unfair competition claims under the Lanham Act and state law.  The complaint cited a cease and desist letter ("C & D" Letter") sent from Derek Martin in Missouri to a law firm in Alabama that had licensed Plaintiff's referral service.  The letter, sent on behalf of Just Enterprises, warned the

3

Alabama licensee that (888) Justice was an infringement upon the 1-800-JUSTICE mark and demanded the licensee cease and desist use of the mark. (See Cease and Desist Letter attached as Exh. A to Compl.).   Plaintiff contends that the representations in the letter were false and deceptive.

On November 15, 2006, in its first amended complaint, plaintiff added the Martin defendants, and cited three additional cease and desist letters sent from Missouri to Plaintiff's licensees in Georgia, Michigan, and Florida.  (Compl. ¶ 23-42; Exh. E to Martin Decl.). These letters informed the licensees of the Missouri Action, warned that their use of (888) JUSTICE was an infringement of the 1-800 JUSTICE mark, and demanded that they cease and desist using (888) JUSTICE or themselves face legal action. (See C & D Letters attached as Exh. E to Martin Decl.).  Subsequently, all three licensees terminated their contract with Plaintiff.  The first amended complaint accused Just Enterprises and the Martin defendants of making false and misleading statements in bad faith through the C & D Letters, which Plaintiff claims deceived its licensees about the existence of a trademark infringement.  Plaintiff's claims against the defendants in this action including violation of the Lanham Act's fair competition provision, tortious interference with contract, tortious interference with business relationships and libel, are all based on the C & D Letters and their effect on the licensees.

On November 30, 2006, Plaintiff filed a second amended complaint which repeated its previous claims and also named additional defendants, Heather Bond Vargas, a Florida attorney, and her law firm Cobb & Cole, P.A. in Florida, (collectively, "the Florida defendants").   Plaintiff accused the Florida defendants of tortious interference.[3]  The Florida defendants moved to dismiss

---

[3] The law firm of Cobb & Cole, P.A. was retained by Just Enterprises to take possible legal action against a licensee of the Plaintiff in Florida.  (Declaration of Heather Bond Vargas in

the case against them for the lack of personal jurisdiction. They declared they have no office or business presence, own no property, have no employees or agents, and make no advertisements or solicitations in New York. They flatly denied Plaintiff's assertions that "they have maintained a persistent course of conduct or derive substantial revenue from services rendered in New York." (Vargas Decl. ¶¶ 2-15). Plaintiff did not file any opposition to the motion and agreed to voluntarily dismiss the Florida defendants with prejudice pursuant to Fed. R. Civ. P. 41.

The remaining defendants, all based in Missouri, now move to dismiss the action for improper venue, to dismiss the case against the Martin defendants for the lack of personal jurisdiction, or to transfer the action to the Western District of Missouri.

## PERSONAL JURISDICTION

The Martin defendants aver that as the intellectual property attorneys for Just Enterprises, Inc., they are not subject to general or specific jurisdiction within the State of New York because they have never worked with any New York licensees, "engaged in the practice of law in New York", "provided any services in New York", or "registered to do business in New York." (Declaration of Derek P. Martin dated Mar. 30, 2007, ¶ 2). On the Martin defendants' motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of establishing that personal jurisdiction exists. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999). "Until an evidentiary hearing, the plaintiff need only make a prima facie showing that jurisdiction exists". Hoffritz for Cutlery, Inc. And Edwin Jay, Inc. v. Amajac, Ltd. and Jack

---

Support of Motion to Dismiss ("Vargas Decl."), ¶¶ 20-23). That licensee, however, agreed to terminate its license with Plaintiff after receiving a C & D Letter from Missouri. (Id. ¶ 24). The Florida defendants sent only one letter to this licensee, to confirm that the license had in fact terminated its contract with the Plaintiff, and took no further action on behalf of Just Enterprises (Id.).

E. Ayers, 763 F.2d 55, 57 (2d Cir 1985) (citing, Beacon Enterprises v. Menzies, 715 F.2d 757, 768 (2d Cir. 1983). In a federal question case involving a defendant outside the forum state, federal courts apply the personal jurisdiction rules of the forum state. PDK Labs v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1993).

In the State of New York, a non-domiciliary defendant is subject to general jurisdiction if the defendant is engaged in "continuous and systematic course of doing business in the forum state". Hoffritz, 763 F.2d at 59 (2d Cir. 1985) (citing Landoil Resources v. Alexander & Alexander Services, 918 F.2d 1039, 1043 (N.Y. 1990)). Doing business requires a showing of "continuous, permanent and substantial activity in New York". Hoffritz, 918 F.2d at 1043.

Plaintiff alleges broadly that Martin, acting on behalf of Just Enterprises, has transacted business in New York and has derived substantial revenue from such business. As for specific facts in support of this allegation, Plaintiff notes only that Martin has acted as intellectual property attorney for Just Enterprises, which licensed use of its 1-800-JUSTICE mark to a law firm in New York, and reasons on this basis that Martin could have participated in the licensing agreement with New York. However, the license of Just Enterprises in New York was negotiated in 1993, well before Martin was retained in 2006. Thus, Plaintiff's unsupported assertion of general jurisdiction fails to spell out a prima facie case of a continuous and systematic course of doing business by the Martin defendants.[4]

---

[4]In anticipation of the Court adverse findings on its general jurisdiction claim over the Martin defendants, Plaintiff asks the Court for leave to conduct jurisdictional discovery to uncover facts needed to establish jurisdiction. District courts have the discretion to grant discovery to explore factual issues presented by the Rule 12(b)(2) motion. Visual Sciences, Inc. v. Integrated Communications Inc., 660 F.2d 56, 58 (2d Cir. 1981). However, "discovery need not be granted to allow plaintiff to engage in an unfounded fishing expedition for jurisdictional basis." Gear, Inc. v. L.A. Gear California, Inc., 637 F. Supp. 1323, 1328 (S.D.N.Y. 1986). Having found Plaintiff's contentions of the Martin defendants' business contacts with New York

In the absence of general jurisdiction, Plaintiff attempts to rely on New York's long-arm statute to assert personal jurisdiction over the Martin defendants. Section 302(a)(3) of the New York CPLR provides specific personal jurisdiction over a non-domiciliary defendant who "commits a tortious act without the state causing injury to person or property within the state [provided that the defendant also] (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."

Plaintiff argues that Martin, in drafting and sending the C & D letters, caused its licensees in Georgia, Florida and Michigan to sever their licenses, which resulted in injury to (888) Justice, Inc. in New York. Plaintiff cannot establish that the Martin defendants have solicited business or derived substantial revenue in New York, as provided under Section 302(a)(3)(i). Under Section 302(a)(3)(ii), the Martin defendants must have foreseen that the C & D letters they sent to licensees in other states would have consequences in New York. That an out of state tort merely had consequences for a plaintiff in New York, however, is insufficient to establish personal jurisdiction. To determine whether there is resulting injury in New York sufficient to warrant Section 302(a)(3) jurisdiction, courts generally apply a "situs-of-injury test, which seeks to locate the "*original event* which caused the injury." Bank Brussels Lambert, 171 F.3d at 791 (quoting Hermann v. Sharon Hosp., Inc., 135 A.D.2d 682, 522 N.Y.S.2d 581 (N.Y. App. 2d Dep't 1987)) (emphasis added). "This 'original event' is, however, generally distinguished not only from the

---

to be without basis, the Court finds no reason to grant jurisdictional discovery.

initial tort but from the final economic injury and the felt consequences of the tort." Id.  The "original event" is said to occur "where the first effect of the tort . . . that ultimately produced the final economic injury" is located. Id. at 792.  Thus, the "occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for [personal] jurisdiction under § 302(a)(3), where the underlying events took place outside New York." Whitaker v. Am. Telecasting, Inc. 261 F.3d 196, 209 (2d Cir. 2001) (citing United Bank of Kuwait v. James M. Bridges, Ltd. 766 F.Supp. 113, 116, (S.D.N.Y. 1991)).

      In this case, the alleged tort was committed in the drafting and sending of C & D letters that misrepresented Plaintiff's right to license the 1-(888) Justice telephone number to its licensees.  These alleged misrepresentations then caused the licensees to sever their licensing relationships with the Plaintiff.  On this basis, Plaintiff contends that defendants tortiously interfered with its contractual relationships in other states.  The initial tort would have been committed in Missouri where the drafting and sending of the C & D Letters took place.  The "original event" that allegedly caused injury to Plaintiff took place in each state where the licensee, prompted by the C & D Letters, resolved to sever its contractual relationship with Plaintiff.  The first effect of the C & D Letters were no doubt felt in those states, as the plaintiff's commercial relationships were severed there. It is the severance of contractual relationships in those states that ultimately leads to possible economic loss to Plaintiff.  Therefore, for purposes of determining personal jurisdiction under Section 302(a)(3), the injury to Plaintiff by the tortious interference of the Martin defendants occurred not in New York, but in states where its licensing relationships were allegedly damaged.

      Plaintiff, cites Distefano v. Carozzi N. America, Inc., to argue that personal jurisdiction can be found under 302(a)(3).  286 F.3d 81, 85 (2d Cir. 2001).  In Distefano, a wrongful

8

termination action, the U.S. Court of Appeals for the Second Circuit held that an employee and New York resident who was fired by an employer in New Jersey was nonetheless injured in New York because the "original event" causing injury was the employee's "experience of being removed from his job" which was located in part in New York.  Id.  But see  Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir.1990) (affirming dismissal for lack of personal jurisdiction where New York resident was fired in New Jersey and holding that "the situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff.").  Plaintiff contends that it first "experienced" the consequences of the out-of-state torts here when it received and read notice of severance letters sent from out of state licensees to New York.

However, the Second Circuit in Distefano noted that its holding was narrow and does not contradict Mareno, as both cases support the principle that a plaintiff's mere residence in New York is insufficient to establish personal jurisdiction over a non-domiciliary defendant under Section 302(a)(3)'s original event analysis.  Distefano made clear that more than mere residence needs to be alleged.  The present case does not involve an individual plaintiff who resides *and worked* in New York suing to redress termination of his employment, but a company alleging tortious interference with its commercial relationships in other states.  The fact that notice letters from Plaintiff's licensees were sent to New York, or that Plaintiff in New York learned of the loss of its licensing relationships, is due entirely to defendant's residence here.  Residence alone is insufficient to establish personal jurisdiction.  Accordingly, the Martin defendants motion to dismiss for the lack of personal jurisdiction is granted.

## VENUE

All defendants also seek to dismiss the action for improper venue pursuant to Fed. R. Civ.

P. 12(b)(3). On a motion to dismiss for improper venue, plaintiff bears the burden of demonstrating proper venue. See E.P.A. ex rel. McKeown v. Port Auth. of N.Y. and N.J., 162 F.Supp.2d 173, 183 (S.D.N.Y.2001). The Court accepts all the allegations in the complaint as true unless contradicted by the defendant's affidavits. Id. The Court may "examine facts outside the complaint [including affidavits and declarations] to determine whether venue is proper [and] must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." Concesionaria DHM v. Int'l Fin. Corp., 307 F .Supp.2d 553, 555 (S.D.N.Y.2004) (citations omitted); See also Burrell v. State Farm Fire & Cas. Co., No. 00 Civ. 5733, 2001 WL 797461, at *3 (S.D.N.Y. July 12, 2001).

Under 28 U.S.C. § 1391(b), where subject matter jurisdiction is based in part on federal question jurisdiction under the Lanham Act and "not founded solely on diversity of citizenship," a civil action such as this one can only be filed in "(1) a judicial district where the any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

In the complaint, Plaintiff asserts venue is proper in this district under Section 1391(b)(2) because the claims arise here and a substantial part of the events or omissions that give rise to the claims have occurred within New York.  Plaintiff also asserts that defendant Just Enterprises does business in this district, is subject to personal jurisdiction here, and therefore resides here under 28 U.S.C. § 1391(c), which provides that a corporation defendant is to be deemed a resident of any judicial district in which "it is subject to personal jurisdiction at the time the action is commenced."

Plaintiff, however, cannot establish venue in this district under Section 1391(b)(1), which

10

applies when defendants reside in different districts of the forum state. Even if Just Enterprises could be said to reside in this district by virtue of Section 1391(c), the other defendants, none of which are corporations, do not reside in New York.

Plaintiff also cannot lay venue in this district under Section 1391(b)(2) because he cannot establish that a substantial part of the events or omissions giving rise to his claims occurred here. The Second Circuit has cautioned district courts to construe sub-section (b)(2) of the venue statute strictly. For venue to be proper under (b)(2), "*significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question even if other material events occurred elsewhere." Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005)(emphasis in original). Each of the claims that Plaintiff has articulated is based on factual allegations regarding the letters and communications that the Missouri-based defendants had with licensee law firms in Alabama, Georgia, Michigan and Florida. The substantial events or omissions that arguably support Plaintiff's claims occurred in those states and in Missouri, where venue may be properly established under Section 1391(b)(2), but not in this district. The only connection that New York has with the events giving rise to Plaintiff's claims is a telephone call that Just Enterprises made into this district warning Plaintiff about the alleged infringement. This alleged event cannot be said to be material to Plaintiff's claims. See Gulf Ins. Co. 417 F.3d at 357 ("It would be in error . . . to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries."). Plaintiff may only properly lay venue in any of the judicial districts where a substantial part of the events giving rise to the claims occurred, and this district is not one of them. Also, Plaintiff cannot resort to Section 1391(b)(3), which permits venue to be laid in any district where the defendant may be found only when there is no district in which the action may otherwise be brought.

In further support of its attempt to maintain this action in this forum against Just Enterprises, Plaintiff urges this Court to sever and transfer the claims against the Martin defendants elsewhere. (Pl. Memo. at 14 n.6 & 18 n.9). Though district courts must respect a plaintiff's choice of forum, they may, "when the administration of justice would be materially advanced," transfer an action after severing any "defendants as to whom venue would not be proper in the transferee district" when such defendants "are alleged to be only indirectly connected to the manipulations which form the main subject matter of the action." Wyndam Associates v. Bintliff, 398 F.2d 614, 618 (2d Cir. 1968). "Otherwise, a plaintiff could preclude the court from considering whether transfer would serve the interest of justice by including a defendant, not subject to suit in the more convenient district, who was in some manner peripherally involved in the alleged wrongdoing." Id. at 619. The Florida defendants, who have been voluntarily dismissed from this action, fit the description of parties peripherally involved in the alleged wrongdoing, but the role of the Martin defendants is closely connected to that of Just Enterprises which form the main subject matter of the action. This court finds no reason to sever the Martin defendants and separately transfer them elsewhere. The Court agrees with defendants that venue for this entire action is proper in the Western District of Missouri, where not only a substantial part of the alleged events giving rise to the claims in this case took place but where an action between Plaintiff and Just Enterprises is already pending.[5]

---

[5] Alternatively, venue in this district is also improper under the First-Filed Rule. See First City Nat. Bank and Trust Co. v. Simmons, 878 F.2d 76 (2d Cir. 1989) ("[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience . . . or . . . special circumstances . . . giving priority to the second.") (internal citations omitted). Plaintiff initiated this action against Just Enterprises while Just Enterprises' action against (888) Justice, Inc. was already pending in the Western District of Missouri. Both actions concern the validity of the parties' competing trademarks. Even though this action is based on defendants' C & D Letters, the contested representations therein bear directly on the

This case is dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

## SANCTIONS

The Martin defendants have also moved for sanctions against Plaintiff's counsel pursuant to Fed. R. Civ. P. 11(c) and 28 U.S.C. § 1927. In support of sanctions under Rule 11, they contend that Plaintiff's assertion that this Court has personal jurisdiction over the Missouri Defendants is objectively unreasonable and was made without a reasonable inquiry into the facts. In support of sanctions under 28 U.S.C. § 1927, they also argue that Plaintiff brought this action in bad faith. The motion for sanctions is denied.

Sanctions may be ordered by the Court pursuant to Rule 11(c) if an attorney violates Rule 11(b). Rule 11(b) states, in pertinent part, that an attorney, in making a pleading to the court, certifies that "to the best of his knowledge, information, and belief formed after an inquiry reasonable under the circumstances, –

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, contentions, and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support, or . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> 4) the denials of factual contentions are warranted on the evidence or, if

---

dispute over the parties' competing marks. Plaintiff has shown no special circumstances. See William Gluckin & Co., 407 F.2d 177, 178 (citing two examples of such circumstances). The balance of convenience in this case does not favor this forum. Plaintiff argues that this action could not have been filed in Missouri because that forum would not have had personal jurisdiction over the later added and dismissed Florida defendants. However, when this action was initiated, Plaintiff named only the Missouri-based Just Enterprises as defendant. Clearly, the original claims made in this case could have been filed as counterclaims in the first-filed Missouri action. Accordingly, venue here is improper and the case may also be dismissed pursuant to 28 U.S.C. § 1406(a).

specifically so identified, are reasonably based on a lack of information or belief. Fed. R. Civ. P. 11(b).

The Court is bound by an objective standard of reasonableness in adjudging whether sanctions are appropriate. W.K. Webster & Co. v. Am. President Lines, Ltd., 32 F.2d 665, 670 (2d Cir 1994). The Court also has wide discretion in deciding whether to impose sanctions. Perpetual Securities, Inc. v. Tang, 373 F.3d 321, 141 (2d Cir. 2002). Rule 11 sanctions are to be awarded "where it is patently clear that the claim has absolutely no chance of success under existing precedents and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands." Eastway Const. Corp. v. City of New York. 762 F.3d 243, 254 (2d Cir. 1985); Caisse Nationale de Credit Agricole-CNCA, New York Branch v. Valcorp, 28 F.3d 259, 264 (2d Cir. 1994).

Section 1927 of Title 28 provides, in pertinent part, that "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. §1927. Sanctions pursuant to Section 1927 must be supported by a finding of bad faith. Howard v. Klynvel Peat Marwick Goerdeler, 977 F.Supp. 654, 667 (2d Cir. 1997). Bad faith is found when an action is brought "entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons". Id (quoting Browning Debenture Holder's Comm. v. Dasa Corp., 560 F.2d 1078, 1088 (2d Cir. 1977). Due to the "potency" of the court's inherent powers in granting this award, the United States Supreme Court has cautioned that it should be used with "restraint and discretion". Chambers v. Nasco, 501 U.S. 32, 44, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991). Thus, clear evidence must exist that the action brought was made in bad faith. Oliveri v. Thompson, 803, F.2d 1265, 1272 (2d

14

Cir. 1986).

In this case, this Court does not find Plaintiff's claims, objectively considered, were without any possibility of success. Nor is there evidence to support a conclusion that Plaintiff brought this action wantonly or in bad faith. In light of the district court's broad discretion in awarding sanctions, this Court declines to impose sanctions on Plaintiff's counsel.

## CONCLUSION

The Martin defendants' motion for sanctions is denied. The motion to dismiss this action as to all defendants is granted.

Dated: August 22, 2007
      New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

15